UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BILL LIETZKE,<br><br>                              Plaintiff,<br><br>v.<br><br>CITY OF MONTGOMERY, ET. AL.,<br><br>                              Defendants. | Case No. 1:12-cv-00135-EJL-CWD<br><br>**INITIAL REVIEW ORDER**<br>**REPORT AND RECOMMENDATION** |

The Clerk of Court conditionally filed Plaintiff's Complaint as a result of his in forma pauperis request. The Court now reviews the Complaint to determine whether it or any of the claims contained therein should be summarily dismissed under 28 U.S.C. §§1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Report and Recommendation to dismiss the Complaint.[1]

---

[1] Plaintiff, the only party appearing in this matter, requested reassignment of this matter to a district judge. The matter was reassigned to District Judge Edward J. Lodge on March 27, 2012. Judge Lodge on March 28, 2012, issued an order referring all pretrial matters to the undersigned magistrate judge for issuance of a report and recommendation. (Dkt. 8.)

**REPORT AND RECOMMENDATION - 1**

# REVIEW OF COMPLAINT

**1.     Factual Allegations**

Plaintiff Bill Lietzke filed his complaint on March 19, 2012, against Defendants Todd Strange and Kevin Murphy, who are alleged to be police officers employed by the State of Alabama, and the City of Montgomery, also located in Alabama. Mr. Lietzke resides in Montgomery, Alabama, but chose to file his lawsuit in the District of Idaho. The complaint contains several allegations concerning events that occurred in either Plaintiff's apartment, located in Alabama, or on public streets located in Montgomery, Alabama.

First, Plaintiff alleges that from September 18, 2005, through January 8, 2007, the city of Montgomery, by and through its police officers unlawfully entered and remained in Plaintiff's residence, which conduct constitutes a violation of Plaintiff's right to privacy and criminal trespass. Second, Plaintiff alleges that from July 5, 1990 through March 26, 2008, the city of Montgomery, by and through its police officers, falsely imprisoned and confined Plaintiff. Third, Plaintiff alleges that between July 5, 1990, through March 26, 2008, Defendants were negligent, although he does not describe the acts that constitute such negligence. Fourth, Plaintiff alleges that from July 5, 1990, through March 26, 2008, subjected Plaintiff to being struck, shoved, kicked and harassed on the public streets of Montgomery, Alabama. Finally, Plaintiff alleges that from July 13, 2004 to January 8, 2007, Defendants "menaced" Plaintiff and placed him in fear of imminent serious physical injury by breaking into and entering his apartment with their

**REPORT AND RECOMMENDATION - 2**

guns pointed at Plaintiff, and by pointing their guns at the Plaintiff on the public streets of Montgomery, Alabama.

Plaintiff alleges that from June 9, 1997, through February 26, 2012, Defendants violated the Plaintiff's First, Second, Third, Fourth, Fifth and Sixth Amendment rights under the United States Constitution.

Plaintiff asserts a claim for damages of $8 billion dollars under 42 U.S.C. § 1983, and seeks to have Defendants imprisoned for 30 years. He further seeks the total and complete closure of certain intersections in and around Plaintiff's residence located in Montgomery, Alabama.

**2.     Legal Standards**

The Court is required to review in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

**3.     Jurisdiction and Venue**

The complaint must be dismissed for lack of jurisdiction and venue.[2]

---

[2] Plaintiff's complaint is likely subject to dismissal because all of the allegations arose beyond the statute of limitations, which is generally two years. Plaintiff's last claim is premised upon events that allegedly occurred on March 26, 2008, more than four years ago. However, because the Court lacks jurisdiction, it did not review the issue.

**REPORT AND RECOMMENDATION - 3**

### A.  *Jurisdiction*

The Court's power to exercise personal jurisdiction over non-resident defendants is limited by both the applicable state personal jurisdiction statute (long-arm statute) and the Due Process Clause. *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1110 (9th Cir.2002); *Sher v. Johnson*, 911 F.2d 1357, 1360 (9th Cir.1990). In other words, an analysis of personal jurisdiction has two components. First, there must be a statute that gives the court authority to exercise jurisdiction. *Nat'l Union Fire Ins. Co. of Pittsburgh v. Aerohawk Aviation, Inc.*, 259 F.Supp.2d 1096, 1101 (D. Idaho 2003) (citing D*ata Disc Inc. v. Systems Tech. Assocs., Inc*., 557 F.2d 1280, 1286 (9th Cir.1997)). Second, the exercise of jurisdiction must meet Constitutional standards. *Id.*

Idaho's long-arm statute, Idaho Code § 5-514(b), grants an Idaho court jurisdiction over non-residents regarding any cause of action arising from (a) the transaction of any business within this state; (b) the commission of a tortious act within Idaho; (c) ownership of property located within Idaho; (d) a contract of insurance to insure a person, property, or risk located within Idaho at the time of contracting; (e) maintenance of a domicile within Idaho relating to divorce; or (f) in certain paternity actions.

Plaintiff's complaint contains no indication that any factor outlined in Idaho Code §5-514(b) is satisfied. Although the complaint does not specify, it appears all defendants reside in Alabama, not Idaho. The genesis of Plaintiff's causes of action is events that occurred in Alabama. Given these circumstances, under any of the factors that may exist to confer jurisdiction, it cannot be said that Idaho's long-arm statute is satisfied or that jurisdiction exists in this case.

**REPORT AND RECOMMENDATION - 4**

Due process is not satisfied as well. Due process requires that, in order for non-resident defendants to be subject to jurisdiction in a foreign court, they must have certain "minimum contacts" with the forum state such that the traditional notions " 'of fair play and substantial justice' " are not offended. *See Sher*, 911 F.2d at 1361 (quoting *Internat'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)).

States may exercise general or specific jurisdiction over non-resident defendants. *See Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414-15 (1984). General jurisdiction can be asserted when the defendant's activities in the forum state are "continuous and systematic" or "substantial." *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445 (1952); *see also Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir.1987). Alternatively, to find specific jurisdiction over a non-resident defendant, courts looks to the three-part test as applied in *Lake*, 817 F.2d at 1420.

There are no allegations within Plaintiff's complaint other than the inference from the caption that Defendants Strange and Murphy, being Alabama police officers, reside anywhere other than in Alabama, sufficient to suggest that Defendants' contacts (whatever they are) are continuous or systematic enough to approximate individual presences in Idaho. Therefore, there can be no general jurisdiction in this situation that would not offend traditional notions of fair play and substantial justice. As a result, there can be no general jurisdiction.

There is no specific jurisdiction either. To find specific jurisdiction, a three-part test applies: (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by

**REPORT AND RECOMMENDATION - 5**

which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable. *Lake*, 817 F.2d at 1421.

Not only does the Complaint lack any allegations of jurisdiction, this is an action that relates to acts that occurred within the state of Alabama. There is no indication that Defendants directed any conduct toward Idaho in any way as to purposefully avail themselves of the privilege of conducting activities here. Moreover, Defendants could not have anticipated being haled into an Idaho court based upon conduct that allegedly took place exclusively in Alabama. That is, Plaintiff's claims necessarily do not arise out of Defendants' Idaho activities when Defendants' activities occurred in Alabama. Therefore, as with general jurisdiction, there is no specific jurisdiction here.

**B.**     *Venue*

A plaintiff bears the burden of showing that venue is properly laid in the instant forum. *Schenck v. Motorcycle Accessory Warehouse, Inc.*, 2007 WL 1138915 (D. Idaho April 17, 2007) (citing *Piedmont Label Co. v. Sun Garden Packing Co*., 598 F.2d 491, 496 (9th Cir.1979)). At the same time, there is a strong presumption in favor of the plaintiff's forum choice. *Schenck,* 2007 WL 1138915 at *1 (citing *Ravelo Monegro v. Rosa*, 211 F.3d 509, 513 (9th Cir.2000)).

Although Plaintiff's complaint contains no facts supporting venue in Idaho, the cover sheet filed with his complaint asserts venue is proper here because there is a

**REPORT AND RECOMMENDATION - 6**

"citizen of another state." Construing the complaint broadly, it is conceivable Plaintiff intended to assert diversity as a means for filing in Idaho.

Where jurisdiction is found solely on diversity of citizenship, venue is governed by 28 U.S.C. § 1391(a). *Schenck*, 2007 WL 1138915 at *1. This statutory provision provides:

> [a] civil action wherein jurisdiction is founded only on diversity of citizenship may ... be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

Neither of the three venue provisions applies here. It appears all Defendants are Alabama residents, as is Plaintiff. Second, all of the events occurred in Alabama. If any judicial district is the appropriate venue for this action, it is in Alabama, not Idaho. *See* 28 U.S.C. § 1291(a)(2). Finally, because Defendants are not subject to personal jurisdiction in Idaho, Idaho should not host this action, particularly considering that there is a "district in which the action may otherwise be brought"—Alabama. *See* 28 U.S.C. § 1391(a)(3).

**REPORT AND RECOMMENDATION - 7**

## CONCLUSION

Because the Court lacks jurisdiction and Idaho is not a proper venue, the Court recommends that this matter be dismissed. Plaintiff should be directed to file a new complaint in the appropriate district court located in Alabama.[3] Although there may be other substantive grounds upon which to conclude the complaint fails to state a cause of action, the Court did not consider alternative grounds for dismissal because the lack of jurisdiction and venue provides a basis for dismissal.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED** that this case be **DISMISSED** without prejudice, and the Application for Leave to Proceed in Forma Pauperis is **MOOT**.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Dist. Idaho L. Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual or legal objections, or both, to the United States Court of Appeals for the Ninth Circuit.

Dated: **May 29, 2012**

Honorable Candy W. Dale
United States Magistrate Judge

---

[3] This presumes Plaintiff can overcome the possible bar of the statute of limitations applicable in Alabama.

**REPORT AND RECOMMENDATION - 8**