UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BILL LIETZKE,<br><br>                Plaintiff,<br><br>v.<br><br>CITY OF MONTGOMERY, et al,<br><br>                Defendants. | Case No. 1:12-CV-00135-EJL-CWD<br><br>**ORDER ON REPORT AND RECOMMENDATION** |

Before the Court in the above entitled matter is an Application filed by the Plaintiff, Bill Lietzke, seeking leave to proceed in forma pauperis. (Dkt. 1.) The Court referred the motion to United States Chief Magistrate Judge Candy W. Dale who, on May 29, 2012, issued a Report and Recommendation ("Report"), recommending that the Court deny the same. (Dkt. 9.)

No objections to the Report were filed. Mr. Lietzke has filed a Motion to Disqualify Magistrate Judge Dale and a Motion for Speedy Trial and Disqualification. (Dkt. 10, 11.) Any party may challenge a Magistrate Judge's proposed recommendation by filing written objections within ten days after being served with a copy of the magistrate's Report and Recommendation. 28 U.S.C. § 636(b)(1). The district court must then "make a de novo determination of those portions of the report or specified proposed

**ORDER ON REPORT AND RECOMMENDATION- 1**

findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate. *Id.*; *see also* Fed. R. Civ. P. 72.1(b). Mr. Lietzke has, however, filed a Motion for Speedy Trial and to Disqualify the Magistrate Judge. As to the pending matters, the Court finds as follows.

## DISCUSSION

### I. Motion to Proceed In Forma Pauperis:

The Report concluded that the Motion to Proceed In Forma Pauperis should be denied because both jurisdiction and venue are lacking. The Court has reviewed the Report and the entire record herein. Having done so the Court concludes that the Magistrate Judge's conclusions are well founded and consistent with this Court's review of the record.

Proceedings in forma pauperis are governed by 28 U.S.C. § 1915 which allows a court to authorize the commencement of a proceeding without payment of fees or security by "a person who submits an affidavit that includes a statement...that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The affidavit supporting an in forma pauperis motion is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide himself and dependents "with the necessities of life. " *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Such averment must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*,

**ORDER ON REPORT AND RECOMMENDATION- 2**

647 F.2d 938, 940 (9th Cir. 1981) (internal quotation omitted). Motions under § 1915 are left to the sound discretion of the trial court and are granted only in exceptional circumstances. *Id.*

Based on a *de novo* review of the record, this Court agrees with the Report and finds the reasoning therein to be well founded in law and consistent with this Court's own view of the evidence in the record. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. For the reasons stated in the Report, this Court concludes that the claims raised in this action do not arise out of conduct occurring in Idaho or any basis upon which to assert personal jurisdiction over the parties in this matter. (Dkt. 9.) Further, venue is not proper in Idaho. (Dkt. 9.) Accordingly, the case must be dismissed.

## II.  Motions to Disqualify and for Speedy Trial:

Mr. Lietzke has filed two Motions to Disqualify Chief Magistrate Judge Dale in this matter and requesting a speedy trial. (Dkt. 10, 11.) As to disqualification, Mr. Lietzke argues Chief Magistrate Judge Dale failed to conduct all of the necessary and proper

proceedings in this case, such as an evidentiary hearing, and that she is "partial" to the Defendants in this matter.

A motion for recusal or disqualification of an allegedly biased judge must be made timely and show bias. *See* 28 U.S.C. §§ 144, 455. The Court has reviewed the record and finds there is neither bias nor resulting prejudice by Chief Magistrate Judge Dale in this case which warrant recusal. Further, the Court has examined 28 U.S.C. § 455 and finds nothing in this proceeding draws into question the impartiality nor are there circumstances requiring disqualification of Judge Dale. The Court is well within its discretion to refer this matter to a Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(A). Moreover, the Court finds the Motions to Disqualify in this particular matter to be moot as this Court has independently reviewed the Application for Leave to Proceed in Forma Pauperis and found jurisdiction and venue to be lacking.

As to the Motions' request for a "speedy trial" pursuant to the Sixth Amendment, that constitutional guarantee applies to criminal trials not, as applicable here, civil matters. *See* 18 U.S.C. § 3161. Accordingly, the Motions are denied in this respect.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Report and Recommendation entered on May 29, 2012, (Dkt. 9), should be, and is hereby, **INCORPORATED** by reference and **ADOPTED**. Accordingly, **IT IS HEREBY ORDERED** as follows:

1)      Plaintiff's Motions to Proceed In Forma Pauperis (Dkt. 1) is **MOOT**.

**ORDER ON REPORT AND RECOMMENDATION- 4**

2) The case is **DISMISSED** without prejudice.

3) Plaintiff's Motions to Disqualify (Dkt. 10, 11) are **DENIED AS MOOT**.

DATED: **June 19, 2012**

Honorable Edward J. Lodge
U. S. District Judge